NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2265
_____

ISLAND GREEN, LLC,
                              Appellant

v.

CARMEN BRYAN QUERRARD, Individually and as
Executrix of the Estate of Joseph A. Bryan;
CARMEN BRYAN QUERRARD, Executrix;
JOSEPH FREDERICK BRYAN; NOREEN BRYAN ESANNASON;
VICTOR MELVIN BRYAN; EDMUND ALBERRY BRYAN;
LUCILLE PEGGY CAPAZOLLI; LEROY JAMES BRYAN;
BEVERLY EDRIS BRYAN KOLET; TERRY MARY BRYAN LENGA;
CLEMENT IVAN BRYAN; ETHEL LORETTA BRYAN;
WILLIAM BILLY BRYAN; FRANCIS BRYAN
_____

Appeal from the District Court
of the U.S. Virgin Islands
(D.C. Civil No. 3-09-cv-00050)
District Judge: Honorable Lawrence F. Stengel
_____

Argued April 12, 2011

Before:  SCIRICA, RENDELL and AMBRO, Circuit Judges

(Filed: April 21, 2011)
_____

Simone R. D. Francis, Esq.    **[ARGUED]**
Ogletree, Deakins, Nash, Smoak & Stewart
1336 Beltjen Road, Suite 201
St. Thomas, VI  00802
  *Counsel for Appellant*

Stefan B. Herpel, Esq.     **[ARGUED]**
Dudley, Toper & Feuerzeig
1000 Frederiksberg Gade
P.O. Box 756
St. Thomas, VI  00804
  *Counsel for Appellees*

———————————

OPINION OF THE COURT
———————————

RENDELL, Circuit Judge.

This matter comes before us on appeal from the District Court's dismissal of Island Green, LLC's complaint.  The District Court ruled that Island Green's complaint failed to comply with the procedural requirements of the Virgin Islands Probate Code and was prematurely filed in light of the provisions of the Code requiring notice to an estate of the nature of a claim and an opportunity for the Probate Court to consider and rule on the claim.  To the extent that the complaint sets forth claims against the Estate of Joseph A. Bryan, or persons acting on its behalf – namely, the Executrix of the Estate, Carmen Querrard – the District Court's opinion and order will be affirmed.  However, to the extent the complaint asserts claims against other persons or entities, we will vacate and remand for further proceedings consistent with this opinion.

As we write for the parties, we will not recount either the history of the numerous land transactions that pertain to the grant and continued existence of an easement over Parcel No. 3,[1] purportedly held by the Bryan Estate, or the complaint's allegations as to

---

[1]Over time, this easement has also been referred to as "Easement A" and "Easement A on the Eastern Half of Inner Brass Island as depicted on OLG Map No. D9-7748-4006. In early conveyances, "Parcel No. 2" was referred to as "Parcel 1-1."

2

the wrongs inflicted upon Island Green by the many named Defendants including Carmen Querrard as executrix.

Curiously, the Estate is not a named Defendant, but we conclude, as did the District Court, that the allegations made against Querrard, and others, when acting on behalf of, or as representative of, the Estate, set forth claims against the Estate which should have been presented first to the executrix as part of the Probate Court's proceedings. Clearly, the claims seeking to nullify the easement and enjoin its enforcement fall into that category. Accordingly, Counts I and II[2] were properly dismissed by the District Court.

However, the complaint also sets forth many additional claims for relief, naming "the Defendants"[3] generally, and, in some instances, Ethel Bryan specifically, individually, or as "representative," as having committed the objectionable acts.[4] We cannot determine from the pleadings precisely who is alleged to have done what. For

---

[2]Count I sought a declaratory judgment that there is no easement across Parcel No. 3 for the benefit of Parcel No. 2. Count II sought injunctive relief, claiming that Island Green is entitled to an order permanently enjoining defendants from recording any documents claiming any rights to an easement across Parcel No. 3 for the benefit of Parcel No. 2.

[3]The "Defendants" named in the complaint are: Carmen Theresa Bryan Querrard, Individually and as the Executrix of Joseph A. Bryan, Joseph Frederick Bryan, Esannon Noreen Bryan, Victor Melvin Bryan, Edmund Albertty Bryan, Lucille Peggy Bryan Capozzoli, Leroy James Bryan, Beverly Edris Bryan Kolet, Terry Mary Bryan Lenga, Ivan Clement Bryan, Ethel Loretta Bryan, William Billy Bryan, and Francis Bryan.

[4]The remainder of Island Green's complaint alleged the following causes of action: slander of title (Count III), Defamation (Count IV), Intentional Interference with Business Relations (Count V), Abuse of Process (Count VI), Trespass and Trespass by Injury to Trees, Timber and Shrubs (Count VII).

3

instance, in Count III, Island Green objects to the recordation of a map with the contested easement designated as D9-7748-4006 and to the filing of a Notice of Interest against Parcel No. 3, but complains that "[t]he actions of Defendants, and each of them, in causing to be recorded various documents claiming the existence of an easement across Parcel No. 3 constitute slander of title and abuse of process."  But what role did each of the Defendants play in "causing" these instruments to be recorded?  We are left without a clue.

We must conclude that, to the extent the complaint sets forth acts of the "the Defendants," it fails to state a claim, for as noted by Defendants, it fails to state anything that the numerous heirs did or did not do, other than receiving certain distributions from the Estate.  Further, Island Green has taken the position that it is not seeking disgorgement.  Thus, we are at a loss to define what role Island Green is contending the Defendants other than Querrard and Ethel Bryan may have played.  These allegations cannot withstand Defendants' motion to dismiss under Rule 12(b)(6).

Accordingly, the District Court should give Island Green the opportunity to amend its pleadings and re-plead specifically what wrongful conduct was committed and by whom.  *See* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."); *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."); *Newark Branch, NAACP v. Town of Harrison, New Jersey*, 907 F.2d 1408, 1417 (3d Cir. 1990) ("[C]ourts have held that grants for leave to amend complaints should be routinely granted to

4

plaintiffs, even after judgments of dismissal have been entered against them, if the appropriate standard for leave to amend under Fed. R. Civ. P. 15(a) is satisfied."); *Mittleman v. Untied States*, 104 F.3d 410, 417 (D.C. Cir. 1997) (sua sponte remanding case to district court with instructions to allow plaintiff to "refine" negligence and emotional distress claims). If the "actor" at fault in each alleged act was really the Estate, then those claims, too, should have been presented first to the executrix in the Probate Court.[5] All of the remaining counts – besides Counts I and II – suffer from this infirmity, as it cannot be determined which of the "Defendants" – a group which, as noted above, could include persons acting on behalf of the Estate – Island Green contends committed the act in question and which specific acts were committed by each.

In their motion to dismiss, Defendants also urged that, as to defendants other than the Estate, Island Green's complaint is deficient and subject to dismissal under Rule 19 of the Federal Rules of Civil Procedure because the Estate is a necessary, if not indispensable, party. We do not take a position on this basis for dismissal, but the District Court may consider it on remand.

For the reasons stated above, we will affirm the District Court's dismissal of Island Green's claims against Carmen Querrard and the other Defendants acting on behalf of the Estate, but we will vacate the District Court's order dismissing the plaintiff's claims as to the Defendants and entities acting in other capacities, and remand with instruction that the District Court grant plaintiff leave to amend its complaint.

---

[5] It is noted that Ethel Bryan is alleged to have acted "as a representative of Defendants." Was she thus acting as a representative of the estate, or of individual heirs?